IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MATTHEW DWAYNE MOORE, JR., #02574105, | § § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 3:26-cv-01205-E (BT) |
| | § | |
| WARDEN FNU RODRIGUES, | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

*Pro se* petitioner Matthew Dwayne Moore, Jr., confined in the TDCJ East Texas Treatment Facility, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging a 2025 order of deferred adjudication. Pet. (ECF No. 1). But Moore failed to exhaust his habeas claims in state court before filing his Petition. Accordingly, the District Judge should dismiss Moore's Petition without prejudice under Rule 4 of the Rules Governing § 2254 proceedings (Habeas Rule 4).

**Background**

In May 2025, Moore pleaded guilty to aggravated assault with a deadly weapon, and the Dallas County Criminal District Court No. 4 deferred adjudication of Moore's guilt and ordered him to serve five years of community supervision. *See State v. Matthew Moore*, F-23-10980 (Dallas Cnty. Crim. Dist. Ct. No. 4, May 13, 2025).

1

Moore did not appeal the deferred adjudication order. Pet. at 2. He claims that he filed a petition with the Texas Court of Criminal Appeals (CCA) challenging the order, but there is no indication from available records that he did. *See* https://courtsportal.dallascounty.org/DALLASPROD/Home/WorkspaceMode?p =0 (search for F-23-10980); TAMES Search  (last visited on May 7, 2026).

On March 31, 2026, Moore filed his application for federal habeas relief challenging his order of deferred adjudication. Pet. at 1. Moore alleges that he is entitled to habeas relief because (1) his trial counsel failed to independently investigate his case, (2) his trial counsel and the State's counsel sought repeated continuances that caused him "egregious harm," (3) his guilty plea was involuntary, and (4) the State's evidence was factually and legally insufficient to support an aggravated assault with a deadly weapon charge, and his trial counsel should have discovered this. Pet. at 5-10.

## Legal Standards and Analysis

Under Habeas Rule 4, a district court may summarily dismiss a 28 U.S.C. § 2254 habeas application "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Id.*

> This rule differentiates habeas cases from other civil cases with respect to *sua sponte* consideration of affirmative defenses. The district court has the power under [Habeas] Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state. This power is rooted in "the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer."

*Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (citations omitted).

"[S]tate courts play the leading role in assessing challenges to state sentences based on federal law." *Shinn v. Kayer*, 592 U.S. 111, 124 (2020) (per curiam). A state prisoner must therefore fully exhaust state remedies before seeking federal habeas relief. *See* 28 U.S.C. § 2254(b)(1)(A). This requires the petitioner to submit the factual and legal basis of any claim to the highest available state court for review in a procedurally correct manner. *See Satterwhite v. Lynaugh*, 886 F.2d 90, 92-93 (5th Cir. 1989). Texas prisoners must present their claims to the CCA in a petition for discretionary review or an application for state post-conviction relief, generally under Texas Code of Criminal Procedure Article 11.07. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson v. Hunt County Dist. Court*, 2010 WL 1051175, at *1 (N.D. Tex. Mar. 8, 2010) ("To exhaust state remedies, a Texas prisoner must present his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or application for writ of habeas corpus under Tex. Code Crim. Proc. Ann. Art 11.07.") (Kaplan, J.), *rec. accepted* 2010 WL 1051172 (N.D. Tex. Mar. 19, 2010) (Lynn, J.).  Exceptions exist only where there is an absence of available State corrective process or circumstances exist that render such process ineffective to protect the rights of the applicant. 28 U.S.C. § 2254(b).

Here, Moore challenges a state court judgment, but there is no indication from available Dallas County or CCA records that he ever presented his federal

3

habeas claims to the CCA. *See Caldwell v. Dretke,* 429 F.3d 521, 528-29 (5th Cir. 2005) (finding an order of deferred adjudication is a judgment for purposes of federal habeas law); *see also Morton v. Dallas County,* 2009 WL 857067, at \*2 (N.D. Tex. Mar. 30, 2009) (Ramirez, J., *rec. accepted* by Solis, J.) (relying on the CCA website to conclude that the petitioner failed to exhaust his state remedies before filing his federal petition).

Because the CCA has not had an opportunity to consider Moore's habeas claims, he failed to properly exhaust state remedies, and his federal habeas application should be dismissed without prejudice under Habeas Rule 4. *See, e.g., Sam v. Louisiana,* 409 F. App'x 758, 763 (5th Cir. 2011) (per curiam) ("A federal district court may not adjudicate a habeas petition unless all claims in the petition are exhausted.") (citing *Rhines v. Weber,* 544 U.S. 269, 274 (2005)).

## Recommendation

The District Judge should dismiss Moore's federal habeas application (ECF No. 1) under Rule 4 of the Rules Governing Section 2254 Cases without prejudice to his right to exhaust available state remedies.

SO RECOMMENDED

DATED May 7, 2026.

_____
HON. R. RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

4

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996)*.